# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO: 3:09-CV-215-RJC-DCK

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| ) | |
| DAWN RICHARDS and EYEMED VISION ) | |
| CARE, LLC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Joint Motion to Dismiss the Complaint" (Document No. 25) filed by Defendants Dawn Richards and EyeMed Vision Care, LLC ("Defendants"). The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for review. Having fully considered the record, the undersigned recommends that the motion to dismiss be **denied as moot**, based upon the following proposed findings of fact and conclusions of law:

United Healthcare Services, Inc. sought, and was granted, permission to file an Amended Complaint. (Document No. 32). It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. *Young v. City of Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ....is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); *Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's

second amended complaint); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded it).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); *and see, e.g., Brown v. Sikora and Associates, Inc.*, 2008 WL 1751934, *3 (4th Cir. (S.C.)); *Atlantic Skanska, Inc.*, 2007 WL 3224985, *4 (W.D.N.C. Oct. 30, 2007); *Hi-Tech, Inc. v. Rising*, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006).

Therefore, because the Plaintiff is filing an Amended Complaint, thereby superseding the previous pleading, the undersigned respectfully recommends that the Motion to Dismiss (Document No. 25) be denied as moot. Of course, Defendants may file a motion to dismiss regarding the newly amended claims, if warranted.

**IT IS, THEREFORE, RECOMMENDED** that "Defendants' Joint Motion to Dismiss the Complaint"(Document No. 25) should be **DENIED as moot without prejudice.**

### Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact and conclusions law and the recommendations contained herein must be filed within fourteen (14) days after service of same. Fed.R.Civ.P. 72 (amended, effective December 1, 2009). Responses to objections must be filed within fourteen (14) days after service of the objections. Failure to file objections to this Memorandum and Recommendation with the District Court will preclude the parties from raising

such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

Signed: December 2, 2009

David C. Keesler
United States Magistrate Judge