# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-215-RJC-DCK

| | |
|---|---|
| **UNITED HEALTHCARE SERVICES, INC.,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )   **CONSENT PROTECTIVE ORDER**<br>) |
| **DAWN RICHARDS and EYEMED VISION CARE, LLC,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

WHEREAS, there is good cause, pursuant to Rule 26 of the Federal Rules of Civil Procedure, for the entry of a protective order limiting disclosure of documents and information generated during discovery or otherwise in the above-captioned matter (the "Litigation"); and

WHEREAS, the parties have stipulated and agreed to the entry of this Consent Protective Order;

IT IS HEREBY ORDERED as follows:

1. **"Confidential Information"** means information that a party believes in good faith is proprietary, confidential, commercially sensitive or otherwise subject to any duty of confidentiality. Confidential Information may include, without limitation, financial information or information pertaining to the manner or method of conducting the parties' business operations.

2. **"Confidential Material"** means any document or other recorded or oral information sought to be discovered or agreed to be disclosed by the parties that contains Confidential

Information.  For purposes of this Order, the term Confidential Material shall also include all or any of the following that are designated as required by Paragraph 3 below:

    a.    All documents, deposition testimony and other information or material produced or otherwise made available to one side by the other side in this Litigation;

    b.    All copies, extracts, reports, studies, complete or partial summaries and other documents or materials made or prepared from Confidential Information or Confidential Material; and

    c.    All deposition transcripts, discovery responses, briefs, memoranda, exhibits, and other pleadings or writings that include, summarize or otherwise disclose any Confidential Information or Confidential Material.

The parties to this Litigation may designate as "Confidential" any Confidential Material.  The terms of this Order shall govern all aspects of the procedures to be followed in making or challenging such designations and the terms, conditions and restrictions on the use of the Confidential Information or Confidential Material.  All such Confidential Information or Confidential Material shall be used solely for the purpose of this Litigation and shall otherwise be kept confidential by the counsel of record and by any and all persons who, pursuant to Paragraphs 4 and 5 below, are given access to such materials.  The parties shall act reasonably and in good faith in protecting all Confidential Information or Confidential Material.

    3.    **Procedure for Marking Confidential Material.**  The parties shall designate Confidential Material in the following manner:

    a.    To designate written material as confidential, the parties shall place upon each page of such material the notation "Confidential."

b. To designate electronic documents that are produced on electronic storage media, such as discs or drives, the parties may mark the storage media itself (rather than each page of the electronic documents contained therein) as "Confidential."

c. In the case of depositions or other pretrial testimony in this Litigation: (I) by a statement on the record specifically identifying the Confidential Information and declaring it Confidential; or (ii) within fifteen (15) calendar days of receipt of the transcript of the deposition or hearing, by marking as Confidential the pages of the deposition transcript containing Confidential Information. For a period beginning with the deposition or hearing date and ending fifteen (15) calendar days after receipt of the transcript by the attorneys for the parties to the Litigation, the entire deposition or hearing and all exhibits thereto shall be treated as Confidential Information. Any Confidential Information reduced to writing in a transcript of a hearing or deposition or in an exhibit thereto shall lose its status as Confidential Material unless, within the fifteen-day period described in the preceding sentence, the party claiming that the information is confidential designates as "Confidential" the pages of the transcript or exhibit that it claims contains Confidential Information, except that exhibits or testimony previously designated Confidential do not need to be re-designated.

Whenever only a portion of a document, transcript or other material is deemed Confidential, the parties shall, to the extent reasonably practicable, limit the designation to such portion of the material. However, if it is not reasonably practicable to so limit the designation, the entire document, transcript or other material may be designated as Confidential. With respect to any Confidential Information or Confidential Material, such as deposition transcripts that are not produced under the control of one

party, the parties shall cooperate to assure that all copies of such material bear the above notation to the extent requested.

4. **Disclosure of Confidential Material.** Confidential Material shall be revealed only to and used only by "qualified persons" as provided in Paragraph 5 below and only for the preparation and trial of this Litigation. Such information shall not be used for any other purpose, shall not be disclosed by such qualified persons to anyone except other qualified persons, and shall not be used in any other action or proceeding without the written agreement of the party who produced the material or without further order of this Court, provided, however, that nothing herein shall be construed as limiting the right of a party to deal with its own information in any manner it sees fit.

5. **Definition of Qualified Persons.** As used herein, "qualified person" means:

a. This Court, including its staff and any jury selected in this Litigation, provided that any Confidential Material filed with the Court before the start of trial, including, but not limited to, deposition transcripts, discovery responses, pleadings, briefs and exhibits, shall comply with the provisions set forth in Paragraph 9 below;

b. Counsel for the parties to this Litigation, including corporate counsel, together with such other attorneys within their firm or legal department, their paralegals, and clerical employees actually working on the case at any time;

c. Outside experts consulted or retained by counsel in connection with the preparation for trial and trial of this Litigation;

d. The present and former officers, directors or employees of the parties who are involved in the prosecution or defense of the Litigation and who have a Litigation-related need to access the Confidential Material;

e. Third parties engaged by the parties' counsel or in-house counsel to perform litigation support functions, such as photocopying, assistance with exhibits, or document management activities;

f. Any mediator or other person presiding over formal alternative dispute resolution sessions; and

g. Stenographic reporters engaged for depositions taken in connection with this Litigation or trial.

6. **Restricted Confidential Material.** In addition to the designation of Confidential Material, either party may, in accordance with the procedure set forth in Paragraph 7 below, designate as "Restricted Confidential Material" those certain documents, information or testimony that the party asserts in good faith contain extremely confidential competitive, financial, commercial, personnel, trade secret or proprietary information.

7. **Restricted Confidential Material Procedures.** The procedures for designating Restricted Confidential Material shall be the same as set forth in Paragraph 3 above, except that all such documents and information shall be marked with the words **"RESTRICTED CONFIDENTIAL MATERIAL" or "FOR ATTORNEYS' EYES ONLY."** Restricted Confidential Material shall be produced or disclosed only to the qualified persons identified in subparagraphs 5.a., 5.b., 5.c., 5.e, 5.f. and 5.g. above, and to only one designated representative of each party, who shall be designated in writing to the other party within thirty (30) days of the entry of this Order. Such designated representative shall not disclose the contents of Restricted Confidential Material to any other person. Only with the written consent of the party producing Restricted Confidential Material or an order of this Court shall Restricted Confidential Material be revealed to any other person.

8. **Qualified Persons Bound.** It shall be the responsibility of counsel for each party to this Litigation to ensure that qualified persons receiving Confidential Material or Restricted Confidential Material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Prior to any disclosure to such qualified persons of any Restricted Confidential Material or Confidential Material, such persons must have signed a form identical to the attached Exhibit A.

9. **Use in Court.** In addition to the requirements for filing under seal set forth in Local Rule 6.1, any document or evidence filed with the Court or submitted to the Judge that is designated as Confidential Material or Restricted Confidential Material will be filed in a sealed envelope or other appropriate sealed container clearly marked "CONFIDENTIAL" and with the title of the action and a statement substantially in the following form:

### FILED UNDER SEAL

> CONFIDENTIAL. This envelope contains information designated Confidential pursuant to a Consent Protective Order entered by the Court and its contents may not be viewed, copied or released except by order of the Court or upon agreement of the parties.

The Court will determine at a later date the procedure for dealing with Confidential Material and Restricted Confidential Material proposed to be used at any evidentiary hearing or at trial.

10. **Use in Depositions.** Nothing contained in this Order shall prevent disclosure or use of any Confidential Material in connection with any deposition in this Litigation, so long as such disclosure or use is deemed necessary in the judgment of counsel proposing to disclose or use such material for the prosecution or defense of this Litigation. Whenever Confidential Material or Restricted Confidential Material is to be discussed or disclosed at a deposition, the party asserting such status may require the exclusion from the room of any person who is not entitled to review such documents or information under the terms of this Order.

11. **Voluntary Disclosure.** In the event that a party voluntarily discloses its own Confidential Information or Confidential Material, that disclosure shall not be deemed a waiver of the party's right to preserve the confidentiality of any other information on any basis whatsoever.

12. **Lawfully Obtained Information.** This Order shall in no way restrict or otherwise limit any party's access to or use of information (including documents) that:

   a. are or become a matter of public record or public knowledge; or

   b. the party lawfully obtains or has lawfully obtained from any non-party to this Litigation.

13. **Inadvertent Disclosure of Privileged Material.** A party's inadvertent disclosure or production of material subject to the attorney-client privilege or the work product doctrine shall not be deemed to constitute a waiver of privilege. If information is produced in discovery that is subject to a claim of privilege or of protection as trial preparation material, the parties shall follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B).

14. **Sanctions.** Any persons breaching the provisions of this Order are subject to the contempt powers of this Court. Counsel for the disclosing party shall maintain a complete and current file of the written consents referenced in Paragraph 8 above, which file shall be made available for review and inspection at the request of any party and shall be available to the Court in the event of a dispute as to whether any provision of this Order has been violated.

15. **Relief from Protective Order.** This Order shall be without prejudice to the right of any party to oppose production of any information on any other ground or to bring before the Court at any time the question of whether any particular information is or is not in fact of a confidential nature as contemplated by the provisions of this Order. The parties may, upon reasonable notice to the opposing party's counsel (or third party's counsel if applicable), move for an order relieving them of

the provisions of this Order for good cause shown to be determined by the Court or may, upon reasonable notice, challenge a designation by motion to the Court.

16. **Restrictions.** Nothing herein shall be deemed to restrict in any way the use by any party or its counsel of any discovery material produced by it. By agreeing to treat documents and information as confidential pursuant to this Order, no party to this Litigation admits, acknowledges or otherwise shall be deemed to agree that any such documents or information are in fact proprietary or otherwise legally protectable independent of the provisions of this Order.

17. **Return of Confidential Material.** Within sixty (60) days following the final disposition of this Litigation, the parties shall return all Confidential and Restricted Confidential Material to the party who produced it. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information. Promptly after the return or destruction of items containing the producing party's Confidential and Restricted Confidential Material, the receiving party shall by letter certify that all items containing the producing party's confidential information have been returned and/or destroyed. Receipt of all Confidential and Restricted Confidential Material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings, including pleadings and exhibits containing Confidential Information, may be retained by each of the parties, but any pleadings or exhibits containing Confidential Information shall remain subject to all other provisions of this Order.

18. **Third-Party Discovery.** Any third party that is subject to discovery arising from this Litigation may take advantage of the protection of Confidential Information provided by this Order, and such entity shall be entitled to all rights and protections afforded the parties under this Order.

19. **Jurisdiction and Binding Effect.** This Order shall survive the final termination of this Litigation with respect to confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Order. The parties agree to be bound by the terms of this Order commencing on the date on which it is signed by counsel for each party. In the event the Court does not approve this Order in the form proffered, the parties agree to be bound by its terms until such time as the Court enters an order governing confidentiality of documents produced in this Litigation.

**IT IS SO ORDERED**.

Signed: April 6, 2011

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

### Acknowledgment and Agreement

I hereby acknowledge that I have read the Consent Protective Order (the "Order") in the action titled *United Healthcare Services, Inc. v. Dawn Richards and EyeMed Vision Care, LLC* (Case No. 3:09-CV-00215, W.D.N.C.), that I understand the terms thereof, and that I agree to be bound by those terms. I understand that I may be subject to contempt for violating this order and subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce that Order.

Date: _____

_____
Signature

_____
(Print Name)